UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:                                                                                                Case # 1-19-40358-ESS

Caslida A. Gomez aka Casilda A. Lora                                              CHAPTER 13
Debtor
-----------------------------------------------------------X

## SECOND AMENDED OBJECTION TO MOTION TO DISMISS

1. I am an attorney admitted to practice law in the United States District Court for the Eastern District of New York and am the attorney for the Debtor.

2. This affirmation is in support of the Debtor's objection to the lift stay motion filed by Friedman Vartolo, LLP but also to address the lender's email (containing revised figures) that was sent to the debtor's attorney via email on 11/1/2021 which was ONE day before the adjourned hearing date.

3. The Debtor filed a petition under the provisions of 11 USC Chapter 13 on January 21, 2019 and thereafter, Marianne DeRosa was appointed and has qualified as trustee but then retired. Krista M. Preuss is the incoming trustee.

4. The motion alleges that mortgage payments were not made by the Debtor since April 2021.

5. The Debtor has provided banking records showing the monthly mortgage payments HAVE been made.

6. According to the Debtor's Chase bank statements, the Debtor has made monthly payment of $1926.19.

7. In April 2021, the Debtor's $1,926.19 payment was increased to $2,225.97. Therefore, from April 2021, the payment became $299.78 higher. The Debtor reports she did not know about the increase until very recently so she made a lump sum payment of $1,276.90 on 10/1/2021 to address the monthly deficiency of $299.78 per month.

8. The Debtor had received a letter (redacted enclosed Exhibit one) from the servicing company (SN Servicing Corporation) in June 3, 2020. The letter indicates to only pay the escrow portion between 3/1/2020 and 6/1/2020 representing FOUR months this was permitted as per the letter.

9. Enclosed are redacted checks issued by the Debtor for the escrow sum for 3/1/2020 and 6/1/2020. These checks (Exhibit two) represent the FOUR months the debtor was instructed in the letter to pay just the escrow sum.

10. Seemingly, the $299.78 increase had to do with the re-amortization of the non-escrow portion of 3/1/2020 through 6/1/2020 as per the letter sent by the servicing company. If so, the debtor does not know how long the $299.78 increase is supposed to last in order for the non-escrow portion of 3/1/2020 through 6/1/2020 to be covered.

11. Opposing counsel was asked to provide documentation showing why the escrow monthly payment sum went up by nearly $299.78 in April 2021 even though the taxes and insurance did not increase by that sum

1

per month. The debtor reports that the taxes and insurance did NOT increase by $3,600 for the year. It appears that the escrow sum was increased by too much, and to date, the lender has provided no genuine justification for this monthly increase.

12. The debtor argues that the lender placed a portion of the 2020 permitted forbearance amount (the four months in 2020 that she was instructed to only pay the escrow sum) into the $299.78 per month payment increase which started in April 2021. The total forbearance sum for 2020 was only $5,741.96 so a 299.78 per month increase (for the life of the loan) is not an appropriate way to handle the forbearance. Why? Because after 19 months, the debtor would have paid the forbearance sum, and would continue to pay $300 per month for no other reason. That was never agreed upon.

13. Post-petition, the debtor was not in arrears other than the permitted forbearance discussed above. However, opposing counsel is currently asking the debtor to agree to defer $1,630.96 in unpaid principal and $2,672 in unpaid interest until the end of the loan. What is this even for?

14. The basis of the original motion was wrong as there was an assertion that there was post-petition arrears of over $8,000. The debtor subsequently proved that to be an incorrect assertion.

WHEREFORE, it is respectfully requested that this Honorable Court entirely deny the lift stay motion

Dated: Smithtown, New York

January 6, 2022

*/s/ Ronald S. Cook*

Ronald S. Cook, Esq., Attorney for the Debtor
222 E. Main St, STE 206
Smithtown, New York 11787